UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA COLLEY, Individually and on Behalf of All Others Situated,<br><br>    Plaintiff,<br><br>v.<br><br>OREXIGEN THERAPEUTICS, INC., *et al.*,<br><br>    Defendants.<br>_____<br><br>GERALD J. STEFANKO, Individually and on Behalf of All Others Similarly Situated<br><br>v.<br><br>OREXIGEN THERAPEUTICS, INC., *et al.*,<br><br>    Defendants.<br>_____ | Civil No. 15cv540 L (KSC)<br>Civil No. 15cv549 JAH (JLB)<br>Civil No. 15cv557 L (KSC)<br><br>**ORDER GRANTING MOTIONS FOR CONSOLIDATION [ECF Nos. 26, 29, 32]; GRANTING MOTION FOR APPOINTMENT OF LEAD PLAINTIFF [ECF No. 37] and DENYING MOTIONS FOR APPOINTMENT OF LEAD PLAINTIFF [ECF Nos. 27, 33]; GRANTING MOTION FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL [ECF No. 38] and DENYING MOTIONS FOR APPROVAL OF LEAD COUNSEL [ECF Nos. 28, 34, 35]** |

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| KURT R. YANTZ and CLAUDIA KNIGHT, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) |
| v. | ) ) |
| OREXIGEN THERAPEUTICS, INC., *et al.*, | ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

Three related putative class action lawsuits alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exhange Act") and Securities Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5, are pending before the Court. Plaintiffs bring these actions on behalf of all purchasers of Orexigen Therapeutics, Inc. ("Orexigen") securities between March 3, 2015 and March 5, 2015, against Orexigen, and two senior executive officers, Michael A. Narachi and Joseph P. Hagan. Various parties now seek to consolidate the three cases, and move for appointment as lead plaintiff and for appointment of lead counsel. The Court determines the motions on the papers submitted without oral argument.

**A.   Motions to Consolidate Cases**

All parties agree that consolidation of the three cases is appropriate because they each involve substantially similar issues of law and fact. *See* FED. R. CIV. P. 42(a). Each of the related actions allege that Orexigen made false or misleading statements or failed to disclose to investors that (1) the studies released by Orexigen showing that its obesity drug, Contrave, reduced the risk of heart attacks and cardiovascular death were unreliable and misleading; (2) Orexigen was confronted by potential fines, civil penalties, and recall of Contrave from the market; and (3) consequently, Orexigen's financial statements were materially false and misleading at the relevant times. Having reviewed the pleadings, the Court concurs that consolidation of the related actions is warranted. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

**B.   Motion for Appointment as Lead Plaintiff**

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4, governs the selection of a lead plaintiff in private securities class actions: the lead plaintiff is to be the

"most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). There is a three-step process in determining the lead plaintiff under the PSLRA. *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002). The first plaintiff to file an action governed by the PSLRA must publicize the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u–4(a)(3)(A)(i)(I). This notice must also alert the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

Next, the court must select the presumptive lead plaintiff. *See In re Cavanaugh*, 306 F.3d at 729–30 (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)). In order to determine the presumptive lead plaintiff, "the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit." *Id.* at 730 (footnote omitted). After the court identifies the plaintiff with the most to gain, the court must determine whether that plaintiff, based on the information he provides, "satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Id.* If that occurs, that plaintiff becomes the presumptive lead plaintiff. *Id.* If not, the court selects the plaintiff with the next-largest financial stake and determines whether that plaintiff satisfies the requirements of Rule 23. *Id.* The court repeats this process until it selects a presumptive lead plaintiff. *Id.*

Finally, plaintiffs not selected as the presumptive lead plaintiff may "rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." *Id.* (citing 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)). This is accomplished by demonstrating the presumptive lead plaintiff either "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II)(aa)-(bb). If the court determines that the presumptive lead plaintiff does not meet the typicality or adequacy requirement, then it must return to step two, select a new presumptive lead plaintiff, and again allow the other plaintiffs to rebut the new presumptive lead plaintiff's showing. *In re Cavanaugh*, 306 F.3d at 731. The court repeats this process "until all challenges have been exhausted." *Id.*

(citation and footnote omitted).

1. **Notice**

On March 10, 2015, Lisa Colley filed the first of the three related cases. On that same date, Notice of the class action suit was published in *Business Wire*, a national business-oriented publication. The Notice publicized the pendency of the action, the claims made, and the purported class period "in a widely circulated national business-oriented publication or wire service." 15 U.S.C. § 78u–4(a)(3)(A)(i)(I). The Notice also alerted the public that "any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. § 78u–4(a)(3)(A)(i)(II).

2. **Largest Financial Interest**

The movants have provided information concerning their financial losses in this litigation:

Movant Karim Khoja asserts losses of approximately $74,181. [ECF No. 37-3];

Movant Hau Dang asserts losses of approximately $44,182. [ECF No. 35-4];

The Orexigen Investors Group asserts losses of approximately $21,800. [ECF No. 27-5];

Movant Nicholas Mennona asserts losses of approximately $11,868. [ECF No. 33-5].

As noted above, the PSLRA provides that "the 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case," so long as that plaintiff meets the requirements of Federal Rule of Civil Procedure 23. *In re Cavanaugh*, 306 F.3d at 729. It is undisputed that Karim Khoja has the largest financial interest in this matter.

Khoja also has established that he satisfies the requirements of Rule 23(a), specifically typicality and adequacy. *See In re Cavanaugh*, 306 F.3d at 732. Here, Khoja's claims arise from the same course of conduct and the same operative facts that allegedly damaged other members of the purported class: Khoja purchased Orexigen's securities during the Class Period in reliance upon defendants' purported false and misleading statements, and suffered damages as a result. Thus, Khoja's claims are typical under Rule 23.

The test for adequacy is meant to determine whether the class representative and his

counsel "have any conflicts of interest with other class members" and whether the class representative and his counsel will "prosecute the action vigorously on behalf of the class." *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003). There is no suggestion of conflicts between Khoja and other class members. Nor is there any showing that Khoja is subject to any unique defenses

Khoja's interests are not antagonistic to those of the class members and he has sufficient interest in the outcome of the litigation to ensure that he will vigorously prosecute it. Accordingly, the Court finds that, for purposes of lead plaintiff appointment, Khoja has made a showing satisfying the adequacy requirement of Rule 23.

Because Khoja has the greatest financial stake and satisfies the requirements of Rule 23(a), he is presumptively the most adequate plaintiff to represent the class. This presumption may be rebutted only upon proof by a member of the purported plaintiff class that Khoha either (1) "will not fairly and adequately protect the interests of the class," or (2) "is subject to unique defenses that render [it] incapable of adequately representing the class." 15 U.S.C. § 78u4(a)(3)(3)(B)(iii)(II). No party has opposed Khoja's motion for appointment as lead plaintiff. Accordingly, the presumption that Khoja is the most adequate lead plaintiff has not been rebutted, and the Court therefore need not proceed to consider the motion of the movant with the next largest financial stake. *See In re Cavanaugh*, 306 F.3d at 730–31. Absent proof that the lead plaintiff candidate with the largest financial interest does not satisfy the requirements of FRCP 23, said candidate is "entitled to lead plaintiff status." *In re Cavanaugh*, 306 F.3d at 732. Thus, Khoja is entitled to be the lead plaintiff in this action.

**B.    Motion to Appoint Counsel**

Under the PLSRA, the lead plaintiff is given the right, subject to court approval, to "select and retain counsel to represent the class." 15 U.S.C. § 78u–4(a)(3)(B)(v). "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Court*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted).

Khoja moves to have his selection of Kahn Swick & Foti, LLC approved as lead counsel. The Court has reviewed the firm's resume, *See* Abadou Decl., Exh. D, ECF No. 37-6, and is satisfied that the lead plaintiff has made a reasonable choice of counsel. The Kahn Swick & Foti firm has extensive experience in the prosecution of securities class actions and it appears that it will adequately represent the interests of all class members. Accordingly, the Court defers to Khoja's choice in counsel.

**D.   Conclusion**

Based on the foregoing, **IT IS ORDERED**:

1. The motions to consolidate cases are **GRANTED**. All documents filed shall bear the caption *In re Orexigen Therapeutics, Inc., Securities Litigation*, 15cv540 L (KSC). A consolidated amended complaint shall be filed within 20 days of the filing of this Order. Defendants shall answer or otherwise respond to the amended consolidated complaint within 20 days of the filing of the amended consolidated complaint.

2. Karim Khoja's motion for appointment as lead plaintiff is **GRANTED**. The Orexigen Investor Group, Nicholas Menonna, and Hau Dang's motions for appointment as lead plaintiff are **DENIED**.

3. Karim Khoja's motion for approval of lead plaintiff's selection of counsel is **GRANTED.** The Orexigen Investor Group, Nicholas Menonna, and Hau Dang's motions for approval of their selection for lead counsel are **DENIED**.

**IT IS SO ORDERED.**

DATED: June 22, 2015

M. James Lorenz
United States District Court Judge

/ / /
/ / /
/ / /
/ / /
/ / /

1  COPY TO:

2  HON. JOHN A. HOUSTON
   UNITED STATES DISTRICT JUDGE
3

4  HON. KAREN S. CRAWFORD
   UNITED STATES MAGISTRATE JUDGE
5

6  HON. JILL L. BURKHARDT
   UNITED STATES MAGISTRATE JUDGE
7

8  ALL PARTIES/COUNSEL